UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| USA | CIVIL ACTION NO. 3:13CV2778 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF RUSTON HOUSING AUTHORITY | MAGISTRATE JUDGE KAREN L. HAYES |

## SCHEDULING ORDER

In accordance with Rule 16(b) of the Federal Rules of Civil Procedure, the following dates are set on the docket of Judge Robert G. James:

| | |
|---|---|
| **July 07, 2015 at 9:00AM** | **BENCH TRIAL** |
| **June 04, 2015 at 9:30 A.M.** | **PRETRIAL CONFERENCE** WITH MAGISTRATE JUDGE |
| **June 01, 2015 by 5:00 P.M.** | **PRETRIAL ORDER*** <br> *See format on Judge James' forms page at www.lawd.uscourts.gov. |

### SPECIAL REQUIREMENTS ENFORCED BY THE COURT

A. **Motions to Extend Deadlines.** A motion to extend any deadline shall include a statement that the granting of the motion shall or shall not affect any other deadline or the trial date. Filing a motion to extend a deadline does not, in and of itself, result in an extension of time. Therefore, motions for extensions of time must be filed as soon as possible, but in any event, not later than the day before the existing deadline.

B. **Dispositive Motion Deadline.** Motions to extend the dispositive motion deadline are disfavored and will be granted only in exceptional circumstances.

C. **Motions to Continue Trial.** Except in extraordinary situations, no motion to continue the trial because of a trial conflict will be considered earlier than one month prior to the date of the trial.

D. **Courtesy Copies.** An electronic copy of the motion and all memoranda only (no attachments)

shall be e-mailed in WordPerfect or Word Format to: James_courtesycopies@lawd.uscourts.gov. If attachments to the motion or response exceed 15 pages, paper copies of the attachments shall be provided to chambers:

>Hon. Robert G. James
>United States District Judge
>P.O. Drawer 3107
>Monroe, Louisiana 71210

E.  **Exhibit Numbers**. Each exhibit must carry the <u>same</u> unique exhibit number throughout the litigation, including motion practice, depositions, and trial. Thus, an exhibit attached to a motion for summary judgment must have the same exhibit number assigned to that document during written discovery and/or depositions. The exhibit numbers need not be sequential, but they must be unique and consistent as to each exhibit and cannot bear a party or witness designation.

F.  **Exhibits on CD-Rom.** In **jury** trials, all exhibits and depositions will be displayed to the jury on the electronic monitors in the courtroom. If the exhibits total 25 or more sheets of paper, the exhibits must be placed on CD-ROM. If possible, the parties shall submit their exhibits jointly on one CD-ROM. The exhibit CD-ROM shall be submitted to the courtroom deputy at least ten (10) calendar days before trial. Contact Debbie Dickerson at (318) 322-6740 for special requirements regarding the CD-ROM. An original set of paper exhibits must still be brought to court on the morning of trial.

In **bench** trials, it is not required that exhibits be displayed on the electronic monitors in the courtroom, and exhibits need not be placed on a CD-ROM, unless the Court orders otherwise. If a party in a bench trial chooses to display its exhibits on the electronic monitors, a hard copy of the exhibits must also be furnished to the Court.

G.  **Joint Submissions.** It is the duty of all counsel to notify the Court <u>in writing</u> if, after good faith reasonable effort, any party cannot obtain the cooperation of opposing counsel on matters requiring joint submissions, including the Pretrial Order, Joint Jury Instructions, Joint Jury Verdict Form, or edited trial depositions.

H.  **Trial Depositions.** Unless excused by Judge James for good cause shown, trial depositions in **jury** cases shall be videotaped. Any depositions that are intended to be used in evidence (other than for impeachment only) must be taken by video. Naturally, if a witness becomes unavailable unexpectedly, a deposition may still be read to the jury. However, parties are responsible for providing their own readers.

I.  **Computation of Deadlines.** If a deadline falls on a Saturday, Sunday, or federal holiday, the effective date is the first business day following the deadline.

J.  **Notification of Settlement.** If parties reach a settlement, they are to notify Chambers, in writing, immediately. The Court will then issue an order allowing 60 days to consummate the settlement.

K.  **Abbreviated or Extended Scheduling Orders.** Within 30 days of issuance of this Scheduling Order, any party may file a motion to set a status conference with the Magistrate Judge to consider issuing a new Scheduling Order with an abbreviated or extended discovery calendar.

L.   **Consent Trials.**  In accordance with 28 U.S.C. 63(c)-(h), the parties may consent to proceed with a jury or a bench trial before a United States Magistrate Judge.  If the parties wish to proceed before a United States Magistrate Judge, they are more likely to go to trial on the designated date.  A consent form (AO-85 Notice, Consent, and Reference of a Civil Action to a Magistrate Judge) can be found on the official U.S. Court's website at www.uscourts.gov.

M.   **Judgments.**  Within 21 days of the Court's or the jury's ruling at the conclusion of a trial, counsel shall submit a proposed judgment, approved as to form by both sides.  If counsel cannot agree on a judgment, then each side must submit its own proposed judgment with an explanation of objections to the other party's proposed judgment within the 21-day period.

N.   **Communication with the Court.**  Counsel are reminded that they should refer to this Scheduling Order, the Federal Rules of Criminal or Civil Procedure, the Local Rules for the Western District of Louisiana, and the Guide to Practice on the Court's website (www.lawd.uscourts.gov) **prior** to contacting Chambers.  Counsel are further reminded that if they wish to discuss a substantive matter they should file a motion for a telephone status conference.  If it is a matter of urgency, counsel should initiate a telephone conference call with opposing counsel prior to contacting Chambers staff.

O.   **Facsimile Transmissions.**  Counsel shall not fax pleadings, courtesy copies, or correspondence to Chambers without specific prior permission.

P.   **Mediation.**  Counsel interested in mediation may contact the United States Magistrate Judge assigned to their case.

## PRETRIAL DEADLINES

1.   **JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS**

   **November 21, 2014**        Deadline for joinder of parties and amendment of pleadings.
   (195 days before PTC)

2.   **WITNESS LISTS.** All witness lists exchanged by the parties shall include the name and address of the witness and a brief statement of the nature of the witness's expected testimony.  This requirement does not preclude earlier disclosure if requested by counsel in formal discovery.  Additionally, parties are required to supplement their list immediately with the names of any additional witnesses who become known after the date the initial witness list is due.

   **December 19, 2014**    a.   Plaintiff's witness list delivered to defendant.
   (165 days before PTC)

   **December 31, 2014**    b.   Defendant's witness list delivered to plaintiff.
   (155 days before PTC)

These initial witness lists shall not be filed.

**3.     EXPERT WITNESSES AND EXPERT REPORTS.** If a party has already identified an expert he or she expects to call as a witness, the expert must be disclosed by the deadline for exchange of witness lists. However, all experts must be identified no later than the date specified below.

Expert reports to be disclosed in compliance with Fed.R.Civ. P. 26(a)(2)(B), except for the listing of any other cases in which the expert has testified as an expert at trial or by deposition within the preceding four years, shall be delivered to opposing party. If there is any subsequent change in the expert's opinion or its basis, the offering attorney must notify all counsel within 7 days. This requirement does not preclude earlier disclosure if requested by counsel in formal discovery.

**January 09, 2015**         a.  All parties must identify their experts to opposing parties.
(145 days before PTC)

**January 20, 2015**         b.  Plaintiff's expert reports delivered to defendant.
(135 days before PTC)

**February 19, 2015**       c.  Defendant's expert reports delivered to plaintiff.
(105 days before PTC)

**4.     TREATING HEALTH CARE PROVIDERS.** Treating health care providers are not considered experts under the Federal Rules of Civil Procedure and not subject to the provisions for experts in this Scheduling Order. However, the Court requires that reports of treating health care providers be furnished to opposing counsel immediately upon receipt.

**5.     DISCOVERY.**

**January 20, 2015**         a.  Deadline for serving written discovery.
(135 days before PTC)

**February 19, 2015**       b.  Discovery completion deadline.
(105 days before PTC)

**6.     MOTIONS TO COMPEL**

**February 19, 2015**       Deadline for filing motions to compel.
(105 days before PTC)

**7.     DISPOSITIVE MOTIONS**

|  |  |
|---|---|
| **March 06, 2015**<br>(90 days before PTC) | Deadline for filing dispositive motions. |

8.    **EXPERT DEPOSITIONS**

|  |  |
|---|---|
| **April 15, 2015**<br>(50 days before PTC) | Unless deposed earlier, experts must be available for deposition during the two weeks before this date. |

9.    **PRETRIAL ORDER**

|  |  |
|---|---|
| **May 01, 2015**<br>(30 days before PTO filed) | a. No later than this date, counsel for plaintiff shall serve upon counsel for all other parties the proposed contents of the pretrial order. |
| **May 07, 2015**<br>(25 days before PTO filed) | b. No later than this date, defense counsel shall serve upon counsel for all other parties all matters to be incorporated in the pretrial order. Additionally, defense counsel should submit any objections or changes to the proposals served by counsel for plaintiff. |
| **May 12, 2015**<br>(20 days before PTO filed) | c. All trial counsel shall confer to prepare the proposed pretrial order. The Court prefers that such conference occur in person, but should a face-to-face meeting not be feasible or practical, counsel may confer by telephone. |
| **May 22, 2015**<br>(7 days before PTO filed) | d. It is the duty of all counsel to notify the Court in writing no later than 7 days before the pretrial order is to be filed, if, after reasonable effort, any party cannot obtain the cooperation of other counsel. |
| **June 01, 2015**<br>(Monday before PTC) | e. The proposed PRETRIAL ORDER must be filed with the Clerk of Court by 5:00 P.M.  FAILURE TO COMPLY MAY RESULT IN SANCTIONS.  The parties shall also file their EXHIBIT LISTS and WITNESS LISTS **separately** (*see* formats available on Judge James' forms page at www.lawd.uscourts.gov). |

10.   **PRETRIAL CONFERENCE**

|  |  |
|---|---|
| **June 04, 2015**<br>**at 9:30 A.M.** WITH MAGISTRATE JUDGE | All trial counsel must attend in person unless granted **prior permission** by the Magistrate Judge to participate by telephone. |

11.   **MOTIONS IN LIMINE**

| | |
|---|---|
| **May 08, 2015**<br>(26 days before PTC) | Deadline for filing motions in limine. All motions in limine will be discussed at the pretrial conference. Any memorandum in opposition to a motion in limine must be filed 21 days from the date the motion in limine is filed. |

## 12. EXCHANGE OF EXHIBITS

| | |
|---|---|
| **May 12, 2015**<br>(Day counsel confer to prepare PTO) | Exchange of a numbered set of all exhibits between counsel, in accordance with Special Requirements, Item E. |

## 13. PRETRIAL SUBMISSIONS

All pretrial submissions shall be filed with the Clerk of Court no later than 4:30 P.M. on the date specified below. **Sanctions may be imposed by the Court for failure to comply.**

### a. PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW (BENCH TRIALS)

| | |
|---|---|
| **June 26, 2015**<br>(10 days before trial) | Counsel for each party shall file a memorandum setting forth its proposed findings of fact and conclusions of law. Proposed findings of fact shall be in the form of an outline listing EACH WITNESS including any witness testifying by deposition. Under the name of each witness shall be a numbered list of the proposed facts that witness will testify to.<br><br>Proposed conclusions of law shall consist of a statement of the controlling law, as well as an application of the facts in the case to the controlling law. Proposed conclusions of law shall include pinpoint legal citations to supporting authority. |

### b. JOINT BENCH VERDICT FORM (BENCH TRIALS)

| | |
|---|---|
| **June 26, 2015**<br>(10 days before trial) | Counsel shall also file a JOINT VERDICT FORM, similar to a jury verdict form, for use by the Court as a checklist to ensure that all claims are resolved. The form shall be ONE DOCUMENT PREPARED JOINTLY BY ALL PARTIES. Any contested interrogatories should be clearly labeled. |

### c. JOINT JURY INSTRUCTIONS AND VERDICT FORM (JURY TRIALS)

| | |
|---|---|
| **June 26, 2015**<br>(10 days before trial) | Joint proposed jury instructions shall be filed.  They shall also be submitted to Chambers in writing and on a 3 ½ - inch diskette or CD in WordPerfect or Rich Text format.  The proposed jury instructions shall consist of ONE RUNNING SCRIPT, PREPARED JOINTLY, based on the Fifth Circuit's Pattern Civil Jury Instructions. Counsel shall cite to all Fifth Circuit Pattern Instructions by number.  Any non-pattern instructions shall include pinpoint citations to legal authority. Any contested instructions should be clearly labeled and followed by the objection of the opposing party with any applicable legal authority for the objection.<br><br>A joint proposed jury verdict form shall also be filed.  The verdict form shall also be submitted in writing and on a 3 ½ - inch diskette or CD in WordPerfect or Rich Text Format.  The proposed verdict form shall be |
| | ONE DOCUMENT PREPARED JOINTLY BY ALL PARTIES.  Any contested interrogatories should be clearly labeled and followed by the objection of the opposing party with any applicable legal authority for the objection. |

**d.  PRETRIAL MEMORANDA (JURY AND BENCH TRIALS)**

7

| | |
|---|---|
| **June 01, 2015**<br>(Monday before PTC) | Each party shall file a memorandum on the following if applicable, and provide a courtesy copy to chambers. |

### i. CONTESTED ISSUES OF LAW

All parties shall file memoranda on any contested issues of law to be decided by the Court.

### ii. OUTSTANDING DISCOVERY ISSUES

All parties shall file memoranda on any outstanding discovery issues, including any issues relating to expert qualifications and testimony.

### iii. OUTSTANDING MOTIONS IN LIMINE

All parties shall file memoranda on any outstanding Motions in Limine.

### iv. OBJECTIONS TO TRIAL DEPOSITIONS (JURY AND BENCH TRIALS)

All parties shall file memoranda on objections to trial depositions, if any.

**Counsel shall be prepared to discuss these submissions at the Pre-Trial Conference.**

THUS DONE AND SIGNED at MONROE, LOUISIANA, this 27th day of October, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**